UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: Ramona Herrera | ) | |
| | ) | BK No.: 14BK41848 |
| | ) | Chapter 13 |
| | ) | Hearing Date <u>May 16, 2019 at 9:30 am</u> |
| | ) | |
| Debtor(s) | ) | Judge: Hon. Donald R. Cassling |
| | ) | |

## MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY

NOW COME(S) Debtor and Plaintiff(s), Ramona Herrera, by and through her attorney, David Ratowitz, Esq, and complaining of Defendant, Shellpoint Mortgage Servicing, states and alleges as follows:

## INTRODUCTION

Debtor and Plaintiff(s), Ramona Herrera [hereinafter 'Herrera'] filed for bankruptcy protection under Chapter 13 of the Bankruptcy code on November 19, 2014 and the plan was confirmed on December 18, 2015. Ms. Herrera is current on all payments and is within a few months of plan completion.

Around October of 2018 Ms. Herrera began receiving unsolicited telephone calls from the Defendant, Shellpoint Mortgage Servicing [hereinafter 'Shellpoint'] offering a "loan modification" that would put her in substantially worse position than completing the last few payments of her Chapter 13 Plan. Despite Ms. Herrera's repeated admonitions that she was not interested, that she had an attorney and that Shellpoint should contact her attorney and not her, Shellpoint continued to call Ms. Herrera. In December of 2018, Ms. Herrera's attorney contacted Shellpoint directly and informed them that he did not authorize them to contact Ms. Herrera directly and that she was not interested in the offered 'loan modification'. Shellpoint has

ignored Ms. Herrera and her attorney and has continued to contact her directly, calling her at home and at work, as often as every day.

## JURISDICTION AND VENUE

The present complaint arises out of the Chapter 13 bankruptcy case filed November 19, 2014 in this Court and therefore this Court has subject matter jurisdiction. The Court either already has or can obtain personal jurisdiction over all parties involved in this complaint. This Court is and has been the proper venue for the underlying bankruptcy action and is the proper venue for the present adversary action.

## THE COURT MUST SANCTION SHELLPOINT FOR WILLFUL VIOLATION OF THE AUTOMATIC STAY UNDER §362[k] OF THE U.S. BANKRUPTCY CODE

**Shellpoint Willfully Violated the Automatic Stay and Willfully Disregarded Attorney Representation**:

Shellpoint is a sophisticated creditor, represented by counsel and with great experience with bankruptcy. Shellpoint, a mortgage servicer received notice of the present bankruptcy of Ms. Herrera directly and through the owner of the loan which they service. Shellpoint receives bankruptcy payments from the Trustee [see Exhibit 'A'] and acknowledges its' awareness of the bankruptcy in the solicitations it sends Mr. Herrera [see Exhibit 'B']. Shellpoint is aware that Ms. Herrera is represented by counsel through its' knowledge of the bankruptcy and because Ms. Herrera has repeatedly told them so [see Affidavit of Ramona Herrera] and because Ms. Herrera's attorney informed them directly by telephone conversation and in writing [see Exhibit 'C'].

Despite repeated reminders that Ms. Herrera is protected by the automatic stay of bankruptcy and that she is represented by counsel and that she is not interested in the offered

loan modification Shellpoint persists in contacting her, rendering the contacts willful violations of the automatic stay under §362[k].

### Shellpoint's Frequent and Continuous Violations of the Automatic Stay Are for the Purpose of Cheating Ms. Herrera:

The proposed modification puts Ms. Herrera in a far worse financial position than completing the last few months of her plan and resuming regular mortgage payments. Moreover, the 'loan modification' proposed by Shellpoint violates the confirmed plan of this Chapter 13.

Ms. Herrera's loan is a 30-year loan originated in 2006. At the time of filing the present Bankruptcy, there was an arrearage of $42,254.45 [see Exhibit 'D']. As of the December 2018 Trustee Report, the arrearage had been paid down to $2,904.13 [see Exhibit 'A'], with monthly payments exceeding $825.00 the current arrearage is within a month of satisfaction, leaving 17 years of normal mortgage payments left until full satisfaction of the loan. Despite these clearly documented sums calculated pursuant to a confirmed Chapter 13 plan, as recently as April 19, 2019 an agent/employee of Shellpoint named Edgar Hernandez attempted to collect an arrearage of $19,175.13 by means of the proposed 'loan modification'.

The proposed modification [see Exhibit 'E'] seeks to collect $19,175.13 in 'arrearages' not authorized by the present Chapter 13 plan and converts the 17 years of payments into a 40-year loan, greatly increasing the finance charges to Ms. Herrera. Shellpoint's constant pressure and harassment to induce acceptance of an agreement that is so lucrative for Shellpoint and so financially damaging to Ms. Herrera is particularly wanton and demand punitive action by the Court severe enough to discourage this type of behavior.

### Shellpoint's Frequent and Continuous Violations of the Automatic Stay have Damaged Ms. Herrera:

Shellpoint's frequently calls Ms. Herrera at home and on her mobile phone. These calls occur at odd hours, such as in the evenings and early mornings and Shellpoint calls her at work. This constant harassment disrupts Ms. Herrera's work, reducing her productivity and creating a perception amongst her coworkers and employers that she cannot handle her personal affairs and is therefore less reliable. Shellpoint's constant harassment further disrupts her home life, interfering with routine activities such as family mealtime and therefore increasing emotional stress on Ms. Herrera's personal life. Finally, Ms. Herrera has been forced to incur legal fees and costs to force Shellpoint to stop their illegal behavior.

## **CONCLUSION**

Shellpoint has willfully violated the automatic stay and disregarded attorney representation in an attempt to pressure a debtor, protected by the automatic stay and represented by an attorney, into agreeing to a grossly lopsided and unfair modification of a debt dealt with in a confirmed chapter 13 plan that is almost completed. Shellpoint's willful violation of the automatic stay has damaged Ms. Herrera personally, professionally and by forcing her to incur legal costs. Finally, Shellpoint's violations of the automatic stay are wanton and necessitate punitive action by the Court.

WHEREFORE, the debtor moves this Honorable Court to:

a) Find Shellpoint has willfully violated the automatic stay and willfully disregarded attorney representation; and

b) Find Shellpoint's violation of the automatic stay and disregard for attorney representation to be wanton; and

c) Order Shellpoint to compensate Ms. Herrera for the damage caused by the disruptions to her work and personal life; and

d) Order Shellpoint to pay the reasonable attorney fees and costs incurred as a result of this enforcement action; and

e) Order Shellpoint to pay punitive damages sufficient to discourage any such behavior in the future.

Respectfully submitted,

Ramona Herrera, by her attorney

By:_____
David Ratowitz
Attorney for Debtor


David Ratowitz, Esq
222 Merchandise Mart Plaza, Suite #1225
Chicago, IL 60654
T: 312 577-9405;
F: 312 577-9406;
C: 224 585-9667;
RatowitzLaw@Gmail.com
ARDC 6285376